Filed 8/12/22  P. v. Barron CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>TERRELL BARRON,<br><br>　　　Defendant and Appellant. | B313396<br><br>(Los Angeles County<br> Super. Ct. No. TA084803) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Connie R. Quiñones, Judge.  Reversed and remanded with directions.

Stanley Dale Radtke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, William H. Shin and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

On April 23, 2006, appellant Terrell Barron, codefendant Tryon Larry Smith, and an unidentified man took property from two victims at gunpoint

at a residential party and then drove away in a third victim's truck. (See *People v. Barron*, et al. (June 30, 2008, B197621) [nonpub. opn.] [2008 Cal.App.Unpub.LEXIS 5271; 2008 WL 2568481, *1-2].) In 2006, a jury convicted Barron of one count of carjacking (Pen. Code, § 215, subd. (a), count 2),[1] and two counts of robbery (§ 211, counts 3-4)).[2] The jury found that each crime had been committed for the benefit of a street gang (§ 186.22, subd. (b)(1)), and that Barron personally used a firearm during the commission of the crimes (§ 12022.53, subd. (b)). Barron was sentenced to an aggregate term of 33 years 8 months to life in state prison, and this court affirmed the judgment on direct appeal. (*People v. Barron* (June 30, 2008, B197621) 2008 Cal.App.Unpub.LEXIS 5271 [nonpub. opn.] (*Barron I*).)

In this appeal, which follows the trial court's attempt to correct an unauthorized sentence, the parties contend and we agree (as explained below) that Barron is entitled to a remand and new sentencing hearing in which the court must again correct Barron's unauthorized sentence. In light of that conclusion—and consistent with our high court's recent decision in *People v. Padilla* (2022) 13 Cal.5th 152, 163 (*Padilla*)—we further agree with Barron that his judgment of conviction is not final for purposes of determining whether (1) Assembly Bill No. 124 (2021-2022 Reg. Sess.; Stats. 2021, ch. 695) (AB 124) [setting the low term as the presumptive sentencing term for youthful offenders or those who have experienced childhood trauma] and (2) Assembly Bill No. 333 (2021–2022 Reg. Sess.; Stats. 2021, ch. 699, §§ 1–5) (AB 333) [altering the proof requirements for gang enhancements

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Barron was tried alongside codefendant Tryon Larry Smith, who is not a party to this appeal.

under § 186.22] retroactively apply to his case.[3]  We therefore vacate the gang enhancement findings and vacate Barron's sentence.  Upon remand, the People may elect to retry the gang enhancements under AB 333's new requirements.  If the People elect not to try the gang enhancements, then Barron shall be resentenced in a manner consistent with this opinion and applicable law.[4]

## BACKGROUND

As previously noted, the jury convicted Barron of one count of carjacking and two counts of second degree robbery.[5]  Specifically—and as

---

[3]  In a recent letter to this court, respondent withdrew its request for oral argument and stated that in light of *Padilla* it was withdrawing its contention that the presumption under *In re Estrada* (1965) 63 Cal.2d 740, 745 (that ameliorative legislation applies to non-final judgments) only applies to non-final judgments but not "reopened" judgments.  Respondent further concedes that "AB 124 and AB 333 apply retroactively to [Barron's] case."

[4]  In light of our conclusion, we need not consider Barron's alternative contention that he was denied his right to counsel at the resentencing hearing and that the court erred in failing to allow him to present evidence relevant to his unauthorized sentence.  (*People v. Yanaga* (2020) 58 Cal.App.5th 619, 625 [noting that "'when a case is remanded for resentencing after an appeal, the defendant is entitled to "all the normal rights and procedures available at his original sentencing" [citations], including consideration of any pertinent circumstances which have arisen since the prior sentence was imposed'"]; *People v. Rouse* (2016) 245 Cal.App.4th 292, 297 [defendant is entitled to assistance of counsel when a sentence is vacated on appeal and remanded for a new sentencing hearing].)

[5]  This court granted Barron's motions to augment the record with various portions of the record from his direct appeal in case No. B197621, which was a joint appeal from Barron and codefendant Smith.  We have utilized the prior appellate record and the record in this appeal to recite the foregoing background.

3

provided in its verdict forms—on count 2, the jury found Barron guilty of carjacking (§ 215, subd. (a)), and found true the allegations that Barron had personally used a firearm (§ 12022.53, subd. (b)). The jury further found that the "offense was committed for the benefit of, at the direction of and in association with a criminal street gang with the specific intent to promote, further or assist in criminal conduct by gang members within the meaning of . . . section 186.22(b)(1)(A)."[6]

On counts 3 and 4, the jury found appellant guilty of second degree robbery (§ 211), and found true the personal use of a firearm enhancement (§ 12022.53, subd. (b)) and the gang enhancement (§ 186.22, subd. (b)(1)(A)).

In its sentencing memorandum, the prosecution stated that the jury had found the gang enhancement in count 2 true under section 186.22, subdivision (b)(1)(C), rather than subdivision (b)(1)(A). In addition, the prosecution requested sentencing pursuant to subdivision (b)(4)(B) of section 186.22—though that subdivision was neither alleged in the information nor found true by the jury. Subdivision (b)(4)(B) provides for an indeterminate

---

[6] The information alleged the gang enhancements pursuant to section 186.22, subdivision (b)(1)(C), but the verdicts referenced section 186.22, subdivision (b)(1)(A).

Section 186.22, subdivision (b)(1) provides: "Except as provided in paragraphs (4) and (5), any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony . . . of which he or she has been convicted, be punished as follows:
"(A) Except as provided in subparagraphs (B) and (C), the person shall be punished by an additional term of two, three, or four years at the court's discretion. [¶] . . . [¶]
"(C) If the felony is a violent felony, as defined in subdivision (c) of Section 667.5, the person shall be punished by an additional term of 10 years."

term of life imprisonment with a minimum term of 15 years.[7]  The prosecution also requested the imposition of an additional 10 years on count 2 for the firearm enhancement (§ 12022.53, subd. (b)).

After reviewing the prosecution's sentencing memorandum, on February 15, 2007, the court called the matter for a sentencing hearing. During the hearing, the court stated that on count 2, the jury had found "the special allegations of 186.22(b)(4) . . . to be true."  Based on that finding, the court imposed 15 years to life under subdivision (b)(4)(B) of section 186.22, plus 10 years for the personal use of a firearm "for a total of 25 years to life as to count 2."  On counts 3 and 4, the court sentenced Barron to "one-third the mid-term," plus three years, four months for the firearm enhancement (§ 12022.53, subd. (b)), for a total of four years, four months on each count.[8]

Compounding the confusion, both the minute order of the sentencing hearing and abstract of judgment reflected a sentence of 15 years to life on count 2 (with no statutory provision cited), plus a 10-year term under section 186.22, subdivision (b)(1)(C)—as opposed to the firearm enhancement as orally pronounced.

---

[7]      Subdivision (b)(4) of section 186.22 provides:  "Any person who is convicted of a felony enumerated in this paragraph committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, be sentenced to an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of:  [¶] . . . [¶]  "(B) Imprisonment in the state prison for 15 years, if the felony is . . . carjacking, as defined in Section 215."

[8]      The trial court did not mention the gang enhancements attached to counts 3 or 4 when imposing sentence.  The minute order states that the sentence on the gang allegations attached to counts 3 and 4 were stayed pursuant to section 654, and the stay is reflected in the abstract of judgment.

5

In the original appeal in 2008, we rejected Barron's claims of trial error (none of which are relevant to this appeal). (See *Barron* I, *supra,* at p. 1.) Barron's judgment of conviction was deemed final after the Supreme Court denied his petition for review in October 2008. (*Id.*, rev. denied Oct. 16, 2008, S165727; see *People v. Vieira* (2005) 35 Cal.4th 264, 305–306.)

On March 22, 2019, the CDCR sent a letter notifying the trial court of possible errors in Barron's sentence. First, the letter stated that the indeterminate abstract of judgment reflected a sentence on count 2 of 15 years to life, plus a 10-year enhancement pursuant to section 186.22, subdivision (b)(1)(C). After noting that the sentencing triad for the carjacking offense in count 2 was three, five, or nine years, the CDCR letter stated that if the court's intent was to impose a term of 15 years to life under section 186.22, subdivision (b)(4), that statute should be specified in the indeterminate abstract of judgment. The letter further noted that punishment could be imposed pursuant to section 186.22, subdivision (b)(4) *or* section 186.22, subdivision (b)(1)(C), but not both. Finally, the CDCR letter indicated that the determinate sentences on counts 3 and 4 had been improperly subordinated to the indeterminate term on count 2.

On June 2, 2021, the trial court held a hearing in response to the CDCR letter. Barron was present for the hearing but was not represented by counsel.[9] The court stated that it was "not an actual resentencing" and that it was "correcting the record and correcting the way that [the original sentencing judge] had imposed the sentence."

---

[9] On the date of the hearing, appellant was in court and represented by counsel for purposes of discussing scheduling for an upcoming hearing related to *People v. Franklin* (2016) 63 Cal.4th 261. Counsel specified that his representation was limited to the *Franklin* hearing. This appeal does not raise any issues related to the *Franklin* hearing.

With respect to count 2, the court sentenced Barron to 15 years to life, stating, "That's the 215, the carjack plus the 186.22." The court added a consecutive 10-year term for the section 12022.53, subdivision (b) firearm enhancement. As to count 3, the court imposed the midterm of three years, and struck the firearm enhancement. As to count 4, the court imposed one year for the substantive offense (one third the midterm), plus three years four months for the firearm enhancement (one third the midterm), for an overall term of imprisonment of 32 years 4 months to life.[10]

The minute order from the June 2021 hearing stated that the previous minute order in the case "does not properly reflect the court's order" and ordered "said minute order is amended nunc pro tunc" consistent with the "details" set out in the instant minute order. The minute order proceeded to state that the court "order[ed] defendant resentenced as follows:" (1) as to count 2: "the court selects the term of 15 years to life pursuant to Penal Code section 186.22(b)(1)(4)(B) plus 10 years pursuant to . . . section 12022.53(b)" for a total sentence of "25 years to life" to run consecutive to counts 3 and 4; (2) as to count 3 the court "select[ed] the mid term of 3 years" and "the gun allegation pursuant to . . . section 12022.53(B) stricken" and (3) as to count 4 the court "select[ed] 1/3 mid term of 1 year plus 1/3 mid term of 3 years, 4 months pursuant to Penal Code section 12022.53(b)." The court issued a new abstract of judgment consistent with the court's oral pronouncement of sentence and its subsequent minute order.

Barron timely appealed.

---

[10] Notwithstanding the trial court's assertion that it was merely correcting the original sentence, respondent concedes that an actual resentencing took place, given that "[t]he resentencing court exercised discretion and made substantive changes to the sentence."

**DISCUSSION**

I.   *Unauthorized Sentence*

The parties contend, and we agree, that the trial court failed to correct Barron's unauthorized sentence. We also agree with the parties that the unauthorized sentence in this case requires a new sentencing hearing and cannot be remedied through mere modification.

Generally, once execution of a sentence has commenced, trial courts lack jurisdiction to change a defendant's sentence. (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) However, if the sentence is not statutorily authorized, it is subject to correction whenever the error comes to the attention of the trial court or a reviewing court. (*People v. Cunningham* (2001) 25 Cal.4th 926, 1044–1045.) When a court becomes aware that a defendant's sentence is unauthorized,[11] "that sentence must be vacated and a proper sentence imposed." (*People v. Massengale* (1970) 10 Cal.App.3d 689, 693.)

---

[11]   One way to bring an unauthorized sentence to the court's attention is through a CDCR letter by a correctional case records manager, alerting the court to a possible sentencing error—as was done in this case. (*People v. Humphrey* (2020) 44 Cal.App.5th 371, 377.)

Contrary to Barron's assertions such a letter is not a recommendation for recall and resentencing made by the secretary of the CDCR under former section 1170, subdivision (d)(1) (now section 1170.03). A section 1170, subdivision (d)(1) letter constitutes an invitation to the court to exercise its *equitable* jurisdiction to lower a sentence previously imposed. (*People v. Frazier* (2020) 55 Cal.App.5th 858, 866 [observing that § 1170, subd. (d)(1) "furnishes the court with the jurisdiction *it would not otherwise possess* to recall and resentence"] italics added.) The instant letter simply alerted the court to a potential illegality in the sentence—thereby allowing the court to exercise its *inherent* authority to correct an unauthorized sentence. (*People v. Cunningham, supra,* 25 Cal.4th at p. 1044.)

In this case, the CDCR's letter identified errors with respect to Barron's sentence. Although the court purported not to resentence Barron, it exercised its discretion to strike a firearm enhancement and made substantive changes to Barron's sentence, i.e., selecting one of the two robbery counts as the principal term. Moreover, the court's procedure did not cure the errors presented.

First, the trial court imposed on count 2 a 15-year-to-life term under section 186.22, subdivision (b)(4)(B).[12] This was the subdivision orally referenced by the original sentencing court in 2007. But subdivision (b)(4)(B), which provides an alternate penalty provision and not an enhancement, was not alleged in the information and was not found true by the jury. (See *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900, fn. 6 [alternate penalty provisions provide "'an *alternate* penalty for the underlying felony itself,'" as opposed to an enhancement "'[that] *increases* the punishment for the offense'"]; *People v. Sweeney* (2016) 4 Cal.App.5th 295, 301 ["an alternat[e] punishment provision must be pleaded and proved"].) The failure of pleading subdivision (b)(4)(B) deprived Barron of fair notice that an alternate sentence carrying a life term would be pursued. (Cf. *People v. Botello* (2010) 183 Cal.App.4th 1014, 1024 ["the inadequacy of pleading identified by the Supreme Court [in *People v. Mancebo* (2002) 27 Cal.4th 735] was not the failure to plead facts that would support the . . . circumstance, but rather the failure to plead the circumstance itself"].)

---

[12] The trial court did not specify the statutory bases on which it imposed the 15-year-to-life term on count 2. Certainly, the court could not have imposed a principal indeterminate term based on the underlying offense. (See § 215, subd. (b) [carjacking carries triad of three, five, or nine years imprisonment].)

Second, the court erroneously imposed an additional 10 years on count 2 based on section 186.22, subdivision (b)(1)(C). However, sentencing courts may not impose multiple punishments for the same aspect of a criminal act. (*People v. Ahmed* (2011) 53 Cal.4th 156, 163–164; see § 654, subd. (a).)

The foregoing errors may not be corrected through a modification order or a mere nunc pro tunc correction of the judgment (see *People v. McGahuey* (1981) 121 Cal.App.3d 524, 530), but require resentencing. (*People v. Buycks* (2018) 5 Cal.5th 857, 893; *People v. Flores* (2021) 63 Cal.App.5th 368, 385; *People v. Miller* (2006) 145 Cal.App.4th 206, 218–219.) Moreover, and as discussed below, the fact that the sentencing errors identified by the CDCR necessitate vacatur and resentencing means that Barron's judgment is nonfinal for purposes of determining whether any ameliorative legislation is retroactively applicable to Barron's case.

II.      *Barron is Entitled to the Ameliorative Benefits of AB 124 and AB 333*

Barron contends AB 124 and AB 333, each of which became effective on January 1, 2022, apply retroactively to his case. As such, he maintains that he must be resentenced under AB 124 (which sets the low term as the presumptive term for youthful offender or those who have experienced childhood trauma), and that he is entitled to a new trial on the gang enhancements under AB 333 (which changed the requirements for gang enhancements under section 186.22, subd. (b)). In light of our high court's recent decision in *Padilla, supra,* 13 Cal.5th 152, 163, respondent agrees that the presumption of retroactivity set forth in *In re Estrada, supra,* 63 Cal.2d 740, applies to previously final cases in which the sentence is vacated. Respondent further agrees that, under *Estrada,* the ameliorative benefits of

10

both AB 124 and AB 333 apply retroactively to Barron's case. We agree with the parties on both points.

A.   *Barron's Judgment is Nonfinal for Purposes of the Estrada Presumption*

Ordinarily, "a new statute is presumed to operate prospectively absent an express declaration of retrospectivity or a clear indication that the electorate, or the Legislature, intended otherwise." (*Tapia v. Superior Court* (1991) 53 Cal.3d 282, 287.) In *In re Estrada, supra,* 63 Cal.2d 740, however, our Supreme Court recognized an exception to this rule. The court explained that "[w]hen the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act." (*Id.* at p. 745.) As such, "[i]t is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty . . . should apply to every case to which it constitutionally could apply" which includes "acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*Ibid.*) "[T]o hold otherwise would be to conclude that the Legislature was motivated by a desire for vengeance, a conclusion not permitted in view of modern theories of penology." (*Ibid.*)

In *Padilla, supra,* 13 Cal.5th 152, our Supreme Court considered whether the *Estrada* presumption applied to a defendant whose judgment became final on direct review but was subsequently vacated for resentencing during habeas corpus proceedings. (*Id.* at pp. 158–159.) In analyzing the issue, the court first pointed out that "[a] case is final when 'the criminal proceeding as a whole' has ended . . . and 'the courts can no longer provide a

11

remedy to a defendant on direct review.'" (*Id.* at p. 161.) The court then explained that when Padilla's sentence was vacated on collateral review, "the trial court regained the jurisdiction and duty to consider what punishment was appropriate for him, and Padilla regained the right to appeal whatever new sentence was imposed." (*Id.* at pp. 161–162.) In other words, Padilla's judgment "became nonfinal" and then "remain[ed] nonfinal . . . because the Court of Appeal ordered a second resentencing, from which the Attorney General now appeals." (*Padilla*, *supra*, 13 Cal.5th at p. 162.)

Here, the CDCR's letter identifying illegalities in Barron's sentence required vacatur and resentencing. Moreover, the lower court has not yet imposed an authorized sentence. Accordingly, Barron's judgment is nonfinal for purposes of retroactive application of AB 124 and 333. (*Padilla*, *supra*, 13 Cal.5th at p. 162.)

B.     *AB 124 Applies Retroactively to Barron's Case*

AB 124, which became effective on January 1, 2022, sets the low term as the presumptive term when any of the following are a "contributing factor" to the offense: (A) the person has experienced psychological, physical, or childhood trauma; (B) the person is or was a youth at the time of the commission of the offense; or (C) prior to the instant offense, or at the time of the commission of the offense, the person is or was a victim of intimate partner violence or human trafficking. (See Stats. 2021, ch. 695, § 5.3, adding § 1170, subd. (b)(6).) Where the presumption applies, the court may impose a higher sentence if it finds that "aggravating circumstances outweigh the mitigating circumstances [so] that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).) For purposes of this provision, a "youth" includes any person who was under the age of 26 at

the time of the offense. (See §§ 1016.7 [defining youth as person under 26 at time of offense], 1170, subd. (b)(6)(B) [incorporating § 1016.7's definition of "youth"]; Stats. 2021, ch. 695, §§ 4, 5.) Here, Barron was 19 years old at the time of his offenses, thus qualifying as a youth under AB 124.[13]

As the Attorney General concedes, under *Estrada*, AB 124 applies retroactively to Barron's judgment. (See *People v. Sek* (2022) 74 Cal.App.5th 657, 666 [noting that *Estrada* presumption applies to changes in law "that merely allow for a possibility of reduced punishment"]; see also *People v. Flores* (2022) 73 Cal.App.5th 1032, 1038–1039 [SB 567 & AB 124 retroactive].) Accordingly, upon resentencing Barron, the trial court should consider the ameliorative changes effected by AB 124.

### C. *AB 333 Applies Retroactively to Barron's Case and Requires Vacatur of the Gang Enhancements*

In 2006, Barron's jury found true gang enhancements alleged under section 186.22, subdivision (b)(1) on counts 2, 3, 4. Effective January 1, 2022, AB 333 amended section 186.22 "to require proof of additional elements to establish a gang enhancement." (*People v. Lopez* (2021) 73 Cal.App.5th 327, 343.) Among other things, it amended the definitions of "criminal street gang" (§ 186.22, subd. (f)) and "pattern of criminal gang activity" (§ 186.22, subd. (e)(1)), and clarified the evidence needed to establish that an offense benefits, promotes, furthers, or assists a criminal street gang. (See *People v.*

---

[13] Barron also asserts that he experienced childhood trauma, noting that the record reflects his mother was killed by police and that he was raised by his grandmother.

*E.H.* (2022) 75 Cal.App.5th 467, 477–478; *People v. Sek*, *supra*, 74 Cal.App.5th at p. 665.)[14]

The parties agree, as do we, that the provisions of AB 333 identified above apply retroactively to Barron's case. AB 333 amends section 186.22 to redefine to a defendant's benefit the conduct subject to the enhancement. (*People v. Figueroa* (1993) 20 Cal.App.4th 65, 69–70 [*Estrada* presumption applies to legislative amendments that add new element to enhancements]; see also *People v. Lee* (June 24, 2022—published July 15, 2022) 2022 Cal. App. LEXIS 624, *4 [AB 333 amendments to § 186.22 apply retroactively to nonfinal judgments]; *People v. Ramos* (2022) 77 Cal.App.5th 1116, 1126–1127; *People v. Rodriguez* (2022) 75 Cal.App.5th 816, 822 [same]; *People v. Vasquez* (2022) 74 Cal.App.5th 1021, 1032 [same]; *People v. Lopez*, *supra*, 73 Cal.App.5th at p. 344 [same].)[15]

Respondent further concedes that "at least one of the new elements required by AB 333 was not satisfied by the evidence presented at [Barron's] trial," in that "there was no proof that the predicate crimes collectively benefited the gang in a way that was more than reputational." Upon reviewing the relevant portions of the record, we accept respondent's concession and agree that the gang enhancements must be vacated. Upon remand, the People can elect to retry the gang allegations under the new requirements of AB 333. (*People v. Delgado* (2022) 74 Cal.App.5th 1067,

---

[14] Specifically, and as applicable here, AB 333 requires that the prosecution prove the benefit the gang derives from the predicate and current offenses is "more than reputational." (Stats. 2021, ch. 699, § 3 [enacting § 186.22, subd. (g)]; *People v. E.H.*, *supra*, 75 Cal.App.5th at p. 478.)

[15] AB 333 also added section 1109 which addresses bifurcation of gang participation and enhancement charges. (Stats. 2021, ch. 699, § 5.) Barron raises no arguments in relation to section 1109 and nothing in our opinion should be read to include or encompass section 1109.

1091; *People v. Figueroa, supra,* 20 Cal.App.4th at pp. 71–72 & fn. 2 [remand appropriate to allow prosecution to establish additional element retroactively added by statutory amendment].)

## DISPOSITION

The gang enhancement true findings on all counts are hereby vacated. On remand, the prosecution shall have the option to retry Barron on the gang allegations—though not in a manner that results in a sentence greater than that which could have been legally imposed in the first instance. (*People v. Craig* (1998) 66 Cal.App.4th 1444, 1452; *People v. Price* (1986) 184 Cal.App.3d 1405; *People v. Calderon* (1993) 20 Cal.App.4th 82, 89, fn. 8; cf. *People v. Smith* (Nov. 16, 2021, B305172) 2021 Cal. App. Unpub. LEXIS 7166 [nonpub. opn.].)

If the People elect not to retry the gang enhancements, then Barron shall be resentenced in a manner consistent with this opinion and applicable law.

Following imposition of sentence, the court shall order a corrected abstract of judgment, which shall then be forwarded to the California Department of Corrections and Rehabilitation.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.

We concur:


MANELLA, P. J.                    COLLINS, J.

15